UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GERALD ALBIN,**

    **Plaintiff,**

v.                                                 **CASE NO. 8:07-CV-569-T-EAJ**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**
_____/

## **ORDER**

Before the court is Plaintiff's **Application and Memorandum in Support of Plaintiff's Application for Attorney's Fees and Costs** (Dkt. 29) and Defendant's **Response** (Dkt. 31). Plaintiff requests an award of $2,528.58 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (1992). The Commissioner of Social Security ("Commissioner") does not object.

Plaintiff seeks attorneys' fees for a total of 14.8 hours of work from 2007 through 2010 at a rate of $170.85 per hour by attorneys Pamela Wiener and Garry Moore of Gulfcoast Legal Services, Inc. As will be discussed <u>infra</u>, Plaintiff has satisfied all jurisdictional requirements for this court to grant the instant motion for attorney's fees.

The EAJA permits an award of "fees and other expenses" to an individual who prevails in a suit in which the government is a party and the government's litigating position was not "substantially justified," unless special circumstances make an award unjust. § 2412(d)(1)(A). This court's order remanding this case to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g) (Dkt. 27) entitles Plaintiff to prevailing party status under the EAJA because

Plaintiff obtained a "sentence four" judgment. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993). In this case, the Government's position was not substantially justified.

The EAJA requires a party seeking an award of fees to submit an application for such fees to the court "within thirty days of final judgment in the action." § 2412(d)(1)(B). The EAJA defines "final judgment" as a judgment that is "final and not appealable." § 2412(d)(2)(G). Thus, in sentence four cases, the period for requesting an award of fees begins after the final judgment is entered by the court and the appeals period has run, so that the judgment is no longer appealable. Schaefer, 509 U.S. at 298. See also Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); Boronat v. Sullivan, 788 F. Supp. 557, 559-60 n.3 (S.D. Fla. 1992) (thirty-day period for filing EAJA application for attorney's fees begins after the court enters final judgment and the sixty-day appeals period has run).

Judgment for Plaintiff was entered on February 24, 2010 (Dkt. 28) and Plaintiff's motion for attorneys' fees was filed on March 24, 2010. Although the motion was premature when filed, this court now has jurisdiction to award the requested fees.

Moreover, as the hourly rate and number of hours are not in dispute, the court finds it unnecessary to determine whether the application, if contested, otherwise complies with the EAJA. This court will therefore grant Plaintiff's request for attorneys' fees.

Finally, Plaintiff requests that the fee award be paid directly to Plaintiff's attorney. The Eleventh Circuit has held that the EAJA unambiguously requires an attorneys' fee award to be paid directly to the prevailing party and not to the party's attorney. Reeves v. Astrue, 526 F.3d 732, 735 (11th Cir. 2008). However, in this case, Plaintiff has assigned the EAJA award to Plaintiff's counsel (Dkt. 30). Further, Defendant does not oppose the assignment or otherwise oppose the payment of

the fee award directly to Plaintiff's counsel in this case. Therefore, the fee award is payable directly to Plaintiff's counsel. See McCullough v. Astrue, 565 F. Supp. 2d 1327, 1332 (M.D. Fla. 2008) (finding Reeves does not prevent an assignment of fees).

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1) Plaintiff's **Application and Memorandum in Support of Plaintiff's Application for Attorney's Fees and Costs** (Dkt. 29) is **GRANTED**; and

(2) Plaintiff is awarded $2,528.58 in attorneys' fees, to be paid directly to Plaintiff's counsel Pamela Wiener and Garry Moore.

**DONE AND ORDERED** in Tampa, Florida this 30th day of April, 2010.

_____
ELIZABETH A JENKINS
United States Magistrate Judge